UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SAFECO INSURANCE COMPANY OF AMERICA, ) ) ) Plaintiff, ) ) v. ) ) MARY PICCIRILLI, ) ) Defendant. ) | Case No. 4:24-cv-01508-SRC |

**Memorandum and Order**

In 2019, Sam Tehrani and Mary Piccirilli collided while driving different vehicles. This car accident has led to three pending cases: one in state court, this case, and another case in this court but before a different judge. Piccirilli now moves to dismiss this case or alternatively to consolidate it with the other federal case. If the Court consolidates the two federal cases, Piccirilli also moves to remand the federal cases to state court. As explained, the Court denies these motions.

**I.   Background**

The Court includes below the procedural background of the three cases.

**A.   The state-court case**

In 2022, Tehrani sued Piccirilli in state court. Pet. Filed in Cir. Ct., *Tehrani v. Piccirilli*, No. 22SL-CC02442 (St. Louis Cnty. Cir. Ct. May 3, 2022). Piccirilli filed an answer asserting a counterclaim. *See* Defs. Answer to Pls. Pet., *Tehrani*, No. 22SL-CC02442 (St. Louis Cnty. Cir. Ct. June 15, 2022). Two years later, Piccirilli filed an amended answer reasserting the counterclaim and asserting for the first time a third-party petition against Safeco Insurance Company of Illinois. Am. Answer, Am. Countercl. Pet., and Third Party Pet., *Tehrani*,

No. 22SL-CC02442 (St. Louis Cnty. Cir. Ct. June 27, 2024). The third-party petition sought a declaratory judgment regarding an umbrella insurance policy. *Id.* The state court, a few months later, dismissed Tehrani's claims, but all Piccirilli's claims proceeded. Order and Mem. for Further Clarification, *Tehrani*, No. 22SL-CC02442 (St. Louis Cnty. Cir. Ct. Sept. 24, 2024).

    **B.**    **This case**

On November 11, 2024, Safeco of America filed this case, suing Piccirilli. Doc. 1. Safeco of America's sole claim seeks a declaratory judgment regarding "the rights and obligations of the parties under" an umbrella policy that Safeco of America allegedly issued to Piccirilli. *Id.* at ¶¶ 1, 24–26. That same day, Safeco of America filed a motion for summary judgment. Doc. 4. Piccirilli has since moved to dismiss or consolidate this case with the removed case and has moved to remand this case (which originated in this Court) to state court. Doc. 15.

    **C.**    **The removed case**

Three days after Safeco of America filed this case, Safeco of Illinois removed part—but not all—of the state case. Specifically, Safeco of Illinois removed Piccirilli's third-party complaint, to which it is the third-party defendant. Notice of Removal at ¶¶ 4, 6–7, *Piccirilli v. Safeco Ins. Co. of Ill.*, 4:24-cv-01530-MTS (E.D. Mo. Nov. 14, 2024), doc. 1. The case was assigned to the Honorable Noelle C. Collins, United States Magistrate Judge. Case Opening Notification, *Safeco of Ill.*, 4:24-cv-01530-MTS (E.D. Mo. Nov. 15, 2024).

Soon after, Judge Collins ordered Safeco of Illinois to show cause why the case should not be remanded to state court. Order at 2,[1] *Safeco of Ill.*, 4:24-cv-01530-MTS (E.D. Mo. Dec. 2, 2024), doc. 16. She questioned Safeco of Illinois's assertion that it could, under 28 U.S.C. § 1441(a), remove only the third-party complaint. *Id.* at 1–2. The next day, the Clerk of Court

---

[1] The Court cites to page numbers as assigned by CM/ECF.

randomly reassigned the case to the Honorable Michael T. Schelp, United States District Judge. Order, *Safeco of Ill.*, 4:24-cv-01530-MTS (E.D. Mo. Dec. 3, 2024), doc. 17.

Safeco of Illinois responded to the show-cause order. Resp. to Order, *Safeco of Ill.*, 4:24-cv-01530-MTS (E.D. Mo. Dec. 16, 2024), doc. 22. But the show-cause order has yet to be discharged. Further, three motions remain pending: (1) Piccirilli's motion to dismiss and/or consolidate and remand; (2) Safeco of Illinois's motion to strike Piccirilli's reply in support of her motion; and (3) Safeco of Illinois's motion for judgment on the pleadings. *Safeco of Ill.*, 4:24-cv-01530-MTS (E.D. Mo. Dec. 2, 2024), docs. 13, 19, 26.

## II.   Discussion

Piccirilli moves to dismiss this case or alternatively to consolidate it with the removed case. Doc. 15. In light of her consolidation argument, she also moves to remand to state court this case and the removed case. The Court addresses each motion in turn.

### A.   Motion to dismiss or alternatively to consolidate

Piccirilli moves to dismiss this case as improperly filed under the first-filed rule or, alternatively, to consolidate it with the allegedly first-filed case (the removed case). Doc. 15 at ¶ 9. In her view, the Court should dismiss this case, under the first-filed rule, because the removed case was filed first. *Id.*

#### 1.   First-filed rule

"Generally, the doctrine of federal comity permits a court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Orthmann v. Apple River Campground, Inc.*, 765 F.2d 119, 121 (8th Cir. 1985) (citing *Pacesetter Sys., Inc. v. Medtronic, Inc.,* 678 F.2d 93, 94–95 (9th Cir. 1982)). Courts thus follow the first-filed rule, *id.*, which, "[t]o conserve judicial resources and avoid conflicting rulings, . . . gives priority, for the purposes of choosing among possible venues when parallel

3

litigation has been instituted in separate courts, to the party who first establishes jurisdiction,'" *Nw. Airlines, Inc. v. Am. Airlines, Inc.*, 989 F.2d 1002, 1006 (8th Cir. 1993) (citing *U.S. Fire Ins. Co. v. Goodyear Tire & Rubber Co.*, 920 F.2d 487, 488 (8th Cir. 1990)).

Piccirilli first seeks to dismiss this case in favor of a later-filed federal case (the removed case), both of which are pending in the same federal district. Doc. 15 at ¶ 9. The first-filed rule, however, deals with cases pending in different districts. *Orthmann*, 765 F.2d at 121. Thus, the Court finds the first-filed rule inapplicable here.

Second, Piccirilli cursorily claims that Safeco of America improperly filed this case because the first-filed case was the state-court case. *See* doc. 15 at ¶ 7. But Piccirilli has not developed this argument. *See* doc. 15. And the parties have not addressed whether, in light of Safeco of America's raising a declaratory-judgment claim, the Court should abstain from exercising jurisdiction over this case because of the state-court case. *See, e.g.*, *Lexington Ins. Co. v. Integrity Land Title Co.*, 721 F.3d 958, 967–68 (8th Cir. 2013) (stating that "[t]he full scope of a district court's discretion to grant a stay or abstain from exercising jurisdiction under the Declaratory Judgment Act differs depending upon whether a 'parallel' state court action involving questions of state law is pending" and that discretion still exists if no parallel state-court case is pending (citing *Scottsdale Ins. Co. v. Detco Indus., Inc.*, 426 F.3d 994, 999 (8th Cir. 2005)). Accordingly, the Court will not consider Piccirilli's cursory argument that the Court should dismiss this case in light of the state-court case.

    **2.**    **Consolidation**

Alternatively, Piccirilli moves to consolidate this case with the removed case. Doc. 15 at ¶ 9. Upon review of the parties' briefing on this issue and the docket in both cases, the Court finds that a motion to consolidate is premature. As discussed, a lingering question exists in the removed case: whether the case should be remanded to state court. *See* Order at 2, *Safeco of Ill.*,

4:24-cv-01530-MTS (E.D. Mo. Dec. 2, 2024), doc. 16 (ordering Safeco of Illinois to show cause why the removed case should not be remanded); Motion at ¶¶ 10–11, *Safeco of Ill.*, 4:24-cv-01530-MTS (E.D. Mo. Dec. 2, 2024), doc. 19 (moving to remand as untimely removed and for lack of subject-matter jurisdiction). Because of that lingering issue, the Court denies, as premature, Piccirilli's motion to consolidate and accordingly expresses no opinion on whether the two cases raise a common issue of law or fact. Fed. R. Civ. P. 42(a)(2).

  **B. Motion to remand**

  Finally, Piccirilli moves to remand this case and the removed case to state court. Doc. 15 at ¶¶ 10–11. She believes that, if the Court consolidates this case with the removed case, the Court should remand the two cases because (1) Safeco of Illinois untimely removed the removed case and (2) the Court would lack subject-matter jurisdiction because (a) the parties in the removed case do not have completely diverse citizenships and (b) the amount in controversy does not exceed $75,000 exclusive of interest and costs. *Id.* As explained, the Court denies Piccirilli's motion to consolidate. That ruling renders moot her motion to remand.

**III. Conclusion**

  For these reasons, the Court denies Piccirilli's [15] Motion to Dismiss and/or Consolidate to First in Time Filed Cause of Action, [and] Motion to Remand to State Court as There is No Subject Matter Jurisdiction.

  So ordered this 6th day of March 2025.

_____<br>
STEPHEN R. CLARK<br>
CHIEF UNITED STATES DISTRICT JUDGE

5